**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| RIDER HOTEL, LLC,[1] | ) Case No. 22-10522 (JTD) |
| Debtor. | ) |

**APPLICATION OF THE DEBTOR FOR ENTRY OF AN ORDER
PURSUANT TO 28 U.S.C. § 156(c), BANKRUPTCY CODE SECTION 105(a) AND
LOCAL RULE 2002-1(f), AUTHORIZING APPOINTMENT OF STRETTO, INC. AS
CLAIMS AND NOTICING AGENT, EFFECTIVE AS OF THE PETITION DATE**

Rider Hotel, LLC (the "**Debtor**") hereby files this application (the "**Application**" or this "**Section 156(c) Application**"), by and through its proposed undersigned counsel, pursuant to 28 U.S.C. § 156(c) and Rule 2002-1(f) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing the Debtor to retain and appoint Stretto, Inc. ("**Stretto**") as claims and noticing agent ("**Claims and Noticing Agent**"), effective as of the Petition Date (as defined herein), with full responsibility for the distribution of notices and the maintenance, processing, and docketing of proofs of claim filed in the Chapter 11 Case (as defined herein). In support of this Application, the Debtor submits the *Declaration of Sheryl Betance in Support of Application of the Debtor for Entry of an Order, Pursuant to 28 U.S.C. § 156(c), Bankruptcy Code Section 105(a) and Local Rule 2002-1(f), Authorizing Appointment of Stretto, Inc. as Claims and Noticing Agent, Effective as of*

---

[1] The last four digits of the Debtor's tax identification number are 2426. The Debtor's mailing address is W6609 Pine Hill Trail, P.O. Box 71, Cascade, WI 53011.

40157217.4

*the Petition Date* attached hereto as **Exhibit B** (the "**Betance Declaration**") and respectfully state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Local Rule 9013-l(f), the Debtor consents to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested in this Application are 28 U.S.C. § 156(c), section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Local Rule 2002-1(f).

## BACKGROUND

4. On June 9, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). The Debtor is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Case and no committee has been appointed.

5. A detailed description of the Debtor and its business, and the facts and circumstances supporting this Application and the Chapter 11 Case, are set forth in greater detail in the *Omnibus Declaration of Timothy Dixon in Support of Debtor's Initial First Day Motions and Related Relief*, filed contemporaneously herewith.

## RELIEF REQUESTED

6. By this Section 156(c) Application, the Debtor seeks the entry of an order, substantially in the form of the Proposed Order, appointing Stretto as Claims and Noticing Agent, effective as of the Petition Date, to assume full responsibility for the distribution of notices and the maintenance, processing, and docketing of proofs of claim filed in the Chapter 11 Case.

## BASIS FOR RELIEF REQUESTED

7. Section 156(c) of title 28 of the United States Code, which governs the staffing and expenses of the bankruptcy court, authorizes the Court to use facilities other than those of the Office of the Clerk of the Bankruptcy Court (the "**Clerk**") for the administration of a chapter 11 case, and provides as follows:

> Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States.

28 U.S.C. § 156(c).

8. Although the Debtor has not yet filed its schedules of assets and liabilities, it anticipates that there will be a significant number of entities to be noticed in this case. In view of the number of anticipated claimants and the complexity of the Debtor's business, the Debtor

submits that the appointment of a claims and noticing agent is both necessary and in the best interests of both the Debtor's estate and its creditors.

9.  The Debtor's selection of Stretto as the Claims and Noticing Agent further satisfies the Court's *Protocol for the Employment of Claims and Noticing Agents under 28 U.S.C. § 156(c)* (the "**Claims Agent Protocol**") because the Debtor has obtained and reviewed engagement proposals from at least three (3) other court-approved claims and noticing agents to ensure selection through a competitive process. Based on all engagement proposals obtained and reviewed, the Debtor submits that Stretto's rates are competitive and reasonable given its quality of services and expertise. The terms of retention and employment for Stretto are set forth in that certain agreement dated as of June 13, 2022, between the Debtor and Stretto (the "**Services Agreement**"), a copy of which is attached hereto as **Exhibit C**;[2] *provided, however*, that by this Application, Stretto is solely seeking approval of the terms and provisions of the Services Agreement that relate to its services as Claims and Noticing Agent.

10. Stretto has acted as the claims and noticing agent in numerous cases of comparable size, including several cases in this District. *See, e.g.*, *Pipeline Foods, LLC*, Case No. 21-11002 (KBO) (Bankr. D. Del. July 8, 2021); *Augustus Intelligence Inc.*, Case No. 21-10744 (JTD) (Bankr. D. Del. April 24, 2021); *In re WB Supply LLC*, Case No. 21-10729 (BLS) (Bankr. D. Del. April 20, 2021); *In re VIVUS, Inc.,* Case No. 20-11779 (LSS) (Bankr. D. Del. July 10, 2020); *In re Maines Paper & Food Service, Inc.,* Case No. 20-11502 (KBO) (Bankr. D. Del. June 12, 2020); *In re APC*

---

[2] The rates reflected in the Services Agreement may be discounted upon agreement between the Debtor and Stretto.

*Automotive Technologies Intermediate Holdings, LLC,* Case No. 20-11466 (CSS) (Bankr. D. Del. June 4, 2020); *In re Basin Transload, LLC,* Case No. 20-11462 (JTD) (Bankr. D. Del. June 3, 2020); In *re MobiTV, Inc.*, Case No. 21-10457 (LSS) (Bankr. D. Del. March 1, 2021); *In re API Americas Inc.*, Case No. 20-10239 (CSS) (Bankr. D. Del. Feb. 21, 2020); *In re REVA Medical, Inc.,* Case No. 20-10072 (JTD) (Bankr. D. Del. Jan. 16, 2020); *In re Clover Technologies Group, LLC*, Case No. 19-12680 (KBO) (Bankr. D. Del. Dec. 23, 2019).

11. By appointing Stretto as the Claims and Noticing Agent in the Chapter 11 Case, the distribution of notices and the processing of claims will be expedited, and the Clerk's office will be relieved of the administrative burden of processing what may be an overwhelming number of claims.

## SERVICES TO BE PROVIDED

12. This Section 156(c) Application pertains only to the work to be performed by Stretto under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c) and Local Rule 2002-1(f). Any work to be performed by Stretto outside of this scope is not covered by this Section 156(c) Application or by any order granting approval hereof.

13. In connection with its role as Claims and Noticing Agent, Stretto may perform the following tasks (the "**Claims and Noticing Services**"), as well as all quality control relating thereto:

    (a) Prepare and serve required notices and documents in the case in accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") in the form and manner directed by the Debtor and/or the Court, including (i) notice of the commencement of this case and the initial meeting of creditors under Bankruptcy Code section 341(a), (ii) notice of any claims bar date, (iii) notices of transfers of claims, (iv) notices of

|     |     |
| --- | --- |
|     | objections to claims and objections to transfers of claims, (v) notices of any hearings on a disclosure statement and confirmation of the Debtor's plan or plans of reorganization, including under Bankruptcy Rule 3017(d), (vi) notice of the effective date of any plan, and (vii) all other notices, orders, pleadings, publications and other documents as the Debtor or Court may deem necessary or appropriate for an orderly administration of the case. |
| (b) | Maintain an official copy of the Debtor's schedules of assets and liabilities and statement of financial affairs (collectively, the "**Schedules**"), if any, listing the Debtor's known creditors and the amounts owed thereto; |
| (c) | Maintain (i) a list of all potential creditors, equity holders and other parties in interest; and (ii) a "core" mailing list consisting of all parties described in Bankruptcy Rules 2002(i), (j) and (k), and those parties that have filed a notice of appearance pursuant to Bankruptcy Rule 9010; update said lists and make said lists available upon request by a party-in-interest or the Clerk; |
| (d) | Furnish a notice to all potential creditors of the last date for the filing of proofs of claim, if necessary, and a form for the filing of a proof of claim, after such notice and form are approved by this Court, and notify said potential creditors of the existence, amount and classification of their respective claims as set forth in the Schedules, which may be effected by inclusion of such information (or the lack thereof, in a case where the Schedules indicate no debt due to the subject party) on a customized proof of claim form provided to potential creditors; |
| (e) | Maintain a post office box or address for the purpose of receiving claims and returned mail, and process all mail received; |
| (f) | For all notices, motions, orders or other pleadings or documents served, prepare and file or caused to be filed with the Clerk an affidavit or certificate of service within seven (7) business days of service which includes (i) either a copy of the notice served or the docket numbers(s) and title(s) of the pleading(s) served, (ii) a list of persons to whom it was mailed (in alphabetical order) with their addresses, (iii) the manner of service, and (iv) the date served; |
| (g) | Process all proofs of claim received, if any, including those received by the Clerk's Office, and check said processing for accuracy, and maintain the original proofs of claim in a secure area; |
| (h) | Maintain an electronic platform for purposes of filing proofs of claim; |

(i) Maintain the official claims register (the "**Claims Registers**"), if any, for the Debtor on behalf of the Clerk; upon the Clerk's request, provide the Clerk with certified, duplicate unofficial Claims Registers; and specify in the Claims Registers the following information for each claim docketed: (i) the claim number assigned, (ii) the date received, (iii) the name and address of the claimant and agent, if applicable, who filed the claim, (iv) the amount asserted, (v) the asserted classification(s) of the claim (e.g., secured, unsecured, priority, etc.), and (vi) any disposition of the claim;

(j) Provide public access to the Claims Registers, if any, including complete proofs of claim with attachments, if any, without charge;

(k) Implement necessary security measures to ensure the completeness and integrity of the Claims Registers, if any, and the safekeeping of the original claims;

(l) Record all transfers of claims and provide any notices of such transfers as required by Bankruptcy Rule 3001(e);

(m) Relocate, by messenger or overnight delivery, all of the court-filed proofs of claim to the offices of Stretto, not less than weekly;

(n) Upon completion of the docketing process for all claims received to date for each case, turn over to the Clerk copies of the Claims Registers for the Clerk's review (upon the Clerk's request);

(o) Monitor the Court's docket for all notices of appearance, address changes, and claims-related pleadings and orders filed and make necessary notations on and/or changes to the Claims Registers;

(p) Assist in the dissemination of information to the public and respond to requests for administrative information regarding the case as directed by the Debtor or the Court, including through the use of a case website and/or call center.

(q) If the case is converted to chapter 7, contact the Clerk's office within three (3) days of the notice to Stretto of entry of the order converting the case;

(r) Thirty (30) days prior to the close of this case, to the extent practicable, request that the Debtor submits to the Court a proposed Order dismissing Stretto and terminating the services of such agent upon completion of its duties and responsibilities and upon the closing of this case;

7

40157217.4

    (s)    Within seven (7) days of notice to Stretto of entry of an order closing the this case, provide to the Court the final version of the Claims Registers as of the date immediately before the close of the case; and

    (t)    At the close of this case, box and transport all original documents, in proper format, as provided by the Clerk's Office, to (i) the Federal Archives Record Administration, located at 14700 Townsend Road, Philadelphia, PA 19154-1096 or (ii) any other location requested by the Clerk's Office.

14. The Claims Registers shall be opened to the public for examination without charge during regular business hours and on a case-specific website maintained by Stretto.

15. Stretto shall not employ any past or present employee of the Debtor for work that involves the Chapter 11 Case.

## **COMPENSATION**

16. The Debtor respectfully requests that the undisputed fees and expenses incurred by Stretto in the performance of the above services be treated as administrative expenses of the Debtor's estate pursuant to 28 U.S.C. § 156(c) and section 503(b)(1)(A) of the Bankruptcy Code and be paid in the ordinary course of business without further application to or order of the Court. Stretto agrees to maintain records of all services showing dates, categories of services, fees charged and expenses incurred, and to serve monthly invoices on the Debtor, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), counsel for the Debtor, counsel for any official committee monitoring the expenses of the Debtor, if any, and any party-in-interest who specifically requests service of the monthly invoices. If any dispute arises relating to the Services Agreement or monthly invoices, the parties shall meet and confer in an attempt to resolve the dispute. If resolution is not achieved, the parties may seek resolution of the matter from the Court.

**STRETTO'S DISINTERESTEDNESS**

17. In connection with its retention as Claims and Noticing agent, Stretto represents in the Betance Declaration, among other things, that:

   (a) Stretto will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in this case;

   (b) By accepting employment in this case, Stretto waives any rights to receive compensation from the United States government in connection with the Debtor's case;

   (c) In its capacity as the Claims and Noticing Agent in this case, Stretto will not be an agent of the United States and will not act on behalf of the United States; and

   (d) It is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged.

**COMPLIANCE WITH CLAIMS AND NOTICING AGENT PROTOCOL**

18. This Section 156(c) Application complies with the Claims Agent Protocol and substantially conforms to the standard 28 U.S.C. § 156(c) application filed in this Court. To the extent that there is any inconsistency between this Section 156(c) Application, the Order, and the Services Agreement, the Order shall govern.

**REQUEST FOR WAIVER OF STAY**

19. Additionally, with respect to any aspect of the relief sought in this Application that constitutes a use of property under Bankruptcy Code section 363(b), the Debtor seeks a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As

9

described above, the relief that the Debtor seeks in this Section 156(c) Application is necessary for the Debtor to operate its business without interruption and to preserve value for its estate. Accordingly, the Debtor respectfully requests that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the exigent nature of the relief sought herein justifies immediate relief.

## NOTICE

20.     Notice of this Application shall be given to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtor's 20 largest unsecured creditors; (iii) counsel to RSS GSMS2015-GC28-WI RH, LLC; (iv) the United States Attorney for the District of Delaware; (v) the United States Attorney for the Eastern District of Wisconsin; (vi) the Internal Revenue Service; (vii) P.A. Management LLC; (viii) counsel to Highgate Hotels, L.P.; and (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002.  As this Application seeks "first day" relief, notice of this Application and any order entered in connection with the Application will be served on all parties required by Local Rule 9013-1(m).  Due to the nature of the relief requested herein, the Debtor submits that no other or further notice need be provided.

[*Remainder of page intentionally left blank*]

## CONCLUSION

WHEREFORE, the Debtor respectfully requests the entry of the Proposed Order granting the relief requested herein and such other and further relief as is just and proper.

Dated: June 14, 2022          **Rider Hotel, LLC**

                                      By: */s/ Timothy J. Dixon*
                                               Timothy J. Dixon, President