## EXHIBIT B

**Betance Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| **RIDER HOTEL, LLC,**[1] | ) Case No. 22-10522 (JTD) |
| | ) |
| Debtor. | ) |
| | ) |

**DECLARATION OF SHERYL BETANCE IN SUPPORT OF**
**APPLICATION OF THE DEBTOR FOR ENTRY OF AN ORDER PURSUANT**
**TO 28 U.S.C. § 156(c), BANKRUPTCY CODE SECTION 105(a) AND LOCAL RULE**
**2002-1(f), AUTHORIZING APPOINTMENT OF STRETTO, INC. AS CLAIMS AND**
**NOTICING AGENT, EFFECTIVE AS OF THE PETITION DATE**

I, Sheryl Betance, being duly sworn, state under penalty of perjury and that the following

is true to the best of my knowledge, information and belief:

1.      I am a Senior Managing Director with Stretto, Inc. ("**Stretto**"), with offices

located at 410 Exchange, Suite 100, Irvine, California 92602. I am authorized to submit this

declaration (this "**Declaration**") in support of the *Application of the Debtor for Entry of an Order*

*Pursuant to 28 U.S.C. § 156(c), Bankruptcy Code Section 105(a), and Local Rule 2002-1(f)*

*Authorizing Appointment of Stretto, Inc. as Claims and Noticing Agent, Effective as of the*

*Petition Date* (the "**Section 156(c) Application**").[2]  Except as otherwise noted, I have personal

knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would

testify competently thereto.

---

[1]      The last four digits of the Debtor's tax identification number are 2426.  The Debtor's mailing address is W6609 Pine Hill Trail, P.O. Box 71, Cascade, WI 53011.

[2]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Section 156(c) Application.

40157217.4

2.     Stretto will perform such claims and noticing services specified in the Section 156(c) Application in this chapter 11 case (the "**Chapter 11 Case**").  The terms of retention and employment for Stretto are set forth in that certain agreement dated as of June 13, 2022, between the Debtor and Stretto (the "**Services Agreement**"), a copy of which is attached to the Application as **Exhibit C**.

3.     Stretto is a chapter 11 administrator comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases.  Stretto's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity.   Stretto's professionals have acted as official claims and noticing agent in many large bankruptcy cases in this district and in other districts nationwide. Stretto has developed efficient and cost-effective methods to handle the voluminous mailings associated with the noticing and claims processing portions of chapter 11 cases to ensure the efficient, orderly and fair treatment of creditors, equity security holders, and all parties in interest. Stretto's active cases include: *In re Furniture Factory Ultimate Holding, L.P., et al.*, Case No. 20-12816 (JTD) (Bankr. D. Del. Nov. 6, 2020); *In re NS8 Inc.*, Case No. 20-12702 (CSS) (Bankr. D. Del. Oct. 29, 2020); *In re Rubio's Restaurants, Inc., et al.*, Case No. 20-12688 (MFW) (Bankr. D. Del. Oct. 27, 2020); *In re NinePoint Medical, Inc.*, Case No. 20-12618 (KBO) (Bankr. D. Del. Oct. 29, 2020); *In re VIVUS, Inc.*, Case No. 20-11779 (LSS) (Bankr. D. Del. July 10, 2020); *In re Maines Paper & Food Service, Inc.*, Case No. 20-11502 (KBO) (Bankr. D. Del. June 12, 2020); *In re APC Automotive Technologies Intermediate Holdings, LLC*, Case No. 20-11466 (CSS)

2

(Bankr. D. Del. June 4, 2020); *In re Basin Transload, LLC*, Case No. 20-11462 (JTD) (Bankr. D. Del. June 3, 2020); *In re Superior Air Charter, LLC*, Case No. 20-11007 (CSS) (Bankr. D. Del. Apr. 29, 2020); *In re True Religion Apparel, Inc.*, Case No. 20-10941 (CSS) (Bankr. D. Del. Apr. 14, 2020).

## SERVICES TO BE RENDERED

4.      As agent and custodian of Court records pursuant to 28 U.S.C. § 156(c), Stretto will perform, at the request of the Office of the Clerk of the Bankruptcy Court (the "**Clerk**"), the noticing and claims-related services specified in the Section 156(c) Application and the Services Agreement, and, at the Debtor's request, any related administrative, technical, and support services as specified in the Section 156(c) Application and the Services Agreement.   In performing such services, Stretto will charge the Debtor the rates set forth in the Services Agreement.

5.      Stretto represents, among other things, the following:

(a)      Stretto is not a creditor of the Debtor;

(b)      Stretto will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in this Chapter 11 Case;

(c)      By accepting employment in this Chapter 11 Case, Stretto waives any rights to receive compensation from the United States government in connection with this Chapter 11 Case;

(d)      In its capacity as the Claims and Noticing Agent in this Chapter 11 Case, Stretto will not be an agent of the United States and will not act on behalf of the United States;

3

40157217.4

(e)     Stretto will not employ any past or present employees of the Debtor in connection with its work as the Claims and Noticing Agent in this Chapter 11 Case;

(f)     Stretto is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is to be engaged;

(g)     In its capacity as Claims and Noticing Agent in this Chapter 11 Case, Stretto will not intentionally misrepresent any fact to any person;

(h)     Stretto shall be under the supervision and control of the Clerk's office with respect to the receipt and recordation of claims and claim transfers;

(i)     Stretto will comply with all requests of the Clerk's office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(j)     None of the services provided by Stretto as Claims and Noticing Agent in this Chapter 11 Case shall be at the expense of the Clerk's office.

6.     Although the Debtor does not propose to retain Stretto under section 327 of the Bankruptcy Code pursuant to the Section 156(c) Application (such retention, if necessary, will be sought by separate application), I caused to be submitted for review by our conflicts system the names of known potential parties-in-interest (the "**Potential Parties in Interest**") in the Chapter 11 Case, a copy of which is attached hereto as **Exhibit 1**.  The list of Potential Parties in Interest was provided by the Debtor and included, among other parties, the Debtor, non-Debtor affiliates, secured creditors, lenders, the Debtor's twenty largest unsecured creditors, the United States Trustee and persons employed in the office of the United States Trustee, and other parties.  The Potential Parties in Interest list was compared to an internal database that includes, among others, Stretto's parent entities, affiliates, and subsidiaries. Stretto's internal database also includes Stone Point (as defined below), its funds, and each such fund's respective portfolio companies as set

4

forth in the list most recently provided to Stretto by Stone Point's internal compliance department (the "**Stone Point Searched Parties**"). The results of the conflict check were compiled and reviewed by Stretto professionals under my supervision. At this time, and as set forth in further detail herein, Stretto is not aware of any connection that would present a disqualifying conflict of interest. Should Stretto discover any new relevant facts or connections bearing on the matters described herein during the period of its retention, Stretto will use reasonable efforts to promptly file a supplemental declaration.

7.      To the best of my knowledge, and based solely upon information provided to me by the Debtor, and except as provided herein, neither Stretto, nor any of its personnel, has any materially adverse connection to the Debtor, its creditors, or other relevant parties with respect to any matter for which Stretto will be employed. Stretto may have relationships with certain of the Debtor's creditors as vendors or in connection with cases in which Stretto serves or has served in a neutral capacity as claims and noticing agent and/or administrative advisor for another chapter 11 debtor. However, to the best of my knowledge, such relationships are materially unrelated to the Chapter 11 Case. Based upon a review of the Potential Parties in Interest:

- The list of Potential Parties in Interest includes Spectrum and the Wisconsin Department of Revenue, which are current, former or potential defendants to avoidance actions brought under the Bankruptcy Code by clients of Stretto Recovery Services. However, to the best of my knowledge, such relationships are materially unrelated to this Chapter 11 Case.

- Saul Ewing Arnstein & Lehr LLP has been identified as a Potential Party in Interest. Saul Ewing Arnstein & Lehr LLP is a current client of Stretto's chapter 7 software business, but such relationship is unrelated to the Debtor and its estate, assets, or businesses.

5

40157217.4

- Arnall Golden Gregory LLP has been identified as a Potential Party in Interest. Arnall Golden Gregory LLP is a current client of Stretto's chapter 7 software business, but such relationship is unrelated to the Debtor and its estate, assets, or businesses.

8.     To the best of my knowledge, none of Stretto's employees are related to bankruptcy judges in the District of Delaware, the United States Trustee for Region 3, or any attorney known by Stretto to be employed in the Office of the United States Trustee serving the District of Delaware.

9.     Certain of Stretto's professionals were partners of or formerly employed by firms that are providing or may provide professional services to parties in interest in this case. Except as may be disclosed herein, these professionals did not work on any matters involving the Debtor while employed by their previous firms. Moreover, these professionals were not employed by their previous firms when the Chapter 11 Case was filed. To the best of my knowledge, none of Stretto's professionals were partners of, or formerly employed within the last three years by firms that are Potential Parties in Interest or that have filed a notice of appearance in this Chapter 11 Case.

10.     Stretto has and will continue to represent clients in matters unrelated to the Chapter 11 Case. In addition, in matters unrelated to the Chapter 11 Case, Stretto and its personnel have and will continue to have relationships personally or in the ordinary course of business with certain vendors, professionals, financial institutions, and other parties in interest that may be involved in the Chapter 11 Case. Stretto may also provide professional services to entities or persons that may be creditors or parties in interest in the Chapter 11 Case, which

6

services do not directly relate to, or have any direct connection with, the Chapter 11 Case or the Debtor.

11.     Stretto and its personnel in their individual capacities regularly utilize the services of law firms, investment banking and advisory firms, accounting firms, and financial advisors. Such firms engaged by Stretto or its personnel may appear in chapter 11 cases representing the Debtor or parties in interest.  To the best of my knowledge, Stretto does not currently utilize the services of any law firms, investment banking and advisory firms, accounting firms, or financial advisors who have been identified as Potential Parties in Interest or who have filed a notice of appearance in this Chapter 11 Case.  All engagements where such firms represent Stretto or its personnel in their individual capacities are unrelated to the Chapter 11 Case.

12.     In April 2017, Stretto was acquired by the Trident VI Funds managed by private equity firm Stone Point Capital LLC ("**Stone Point**").  Stone Point is a financial services-focused private equity firm based in Greenwich, Connecticut.  The firm has raised and managed eight private equity funds – the Trident Funds – with aggregate committed capital of approximately $25 billion.  Stone Point targets investments in the global financial services industry and related sectors.

13.     The following disclosure is made out of an abundance of caution in an effort to comply with the Bankruptcy Code and Bankruptcy Rules.  However, neither the Trident VI Funds nor Stone Point have been identified on the parties in interest list in the Chapter 11 Case as of the date hereof.

40157217.4

14.      Stretto has searched the name of the Debtor and the names of the Potential Parties in Interest against the Stone Point Searched Parties.  Based solely on the foregoing search, Stretto has determined that neither the Trident VI Funds, Stone Point nor the Stone Point Searched Parties have been identified on the parties in interest list in the Chapter 11 Case as of the date hereof and to the best of its knowledge, that there are no material connections that require disclosure.  To the extent Stretto learns of any additional relevant facts or connections between Stone Point's funds or investments included in the above-described conflicts search and the Debtor that bear on the Chapter 11 Case, Stretto will promptly file a supplemental disclosure. Stretto may have had, may currently have, or may in the future have business relationships unrelated to the Debtor with one or more Stone Point entities including, among others, portfolio companies of Stone Point.

15.      From time to time, Stretto partners or employees personally invest in mutual funds, retirement funds, private equity funds, venture capital funds, hedge funds and other types of investment funds (the "**Investment Funds**"), through which such individuals indirectly acquire a debt or equity security of many companies, one of which may be the Debtor or its affiliates, if any, often without Stretto's or its personnel's knowledge.  Each Stretto partner or employee generally owns substantially less than one percent of such Investment Fund, does not manage or otherwise control such Investment Fund and has no influence over the Investment Fund's decision to buy, sell, or vote any particular security.  Each Investment Fund is generally operated as a blind pool, meaning that when the Stretto partners or employees make an investment in the particular Investment Fund, he, she or they do not know what securities the

8

blind pool Investment Fund will purchase or sell, and have no control over such purchases or sales.

16.    From time to time, Stretto partners or employees may personally directly acquire a debt or equity security of a company that may be the Debtor or its affiliates, if any. Stretto has a policy prohibiting its partners and employees from using confidential information that may come to their attention in the course of their work. In this regard, subject to the foregoing, all Stretto partners and employees are barred from trading in securities with respect to matters in which Stretto is retained. Subject to the foregoing, upon information and belief, and upon reasonable inquiry through email survey of Stretto's employees, Stretto does not believe that any of its partners or employees own any debt or equity securities of a company that is the Debtor or of any of its affiliates.

17.    To the best of my knowledge, Stretto (a) does not hold or represent an interest adverse to the Debtor's estate; (b) is a "disinterested person" that (i) is not a creditor, an equity security holder, or an insider, (ii) is not and was not, within two years before the Petition Date, a director, officer, or employee of the Debtor, and (iii) does not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason; and (c) has disclosed all of Stretto's connections with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the Office of the United States Trustee, or any person employed in the Office of the United States Trustee.

9

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: June 14, 2022

> STRETTO
>
> /s/ *Sheryl Betance*
> Name: Sheryl Betance
> Title:   Managing Director

10

40157217.4

# **EXHIBIT 1**

## **Parties in Interest List**

**Potential Parties in Interest List**
**Rider Hotel, LLC**

**Debtor:**
Rider Hotel, LLC

**Affiliates/Equity Holders:**
Rider Hotel Mezzanine, LLC
Rider Hotel Investments  LLC
Timothy J. Dixon

**Professionals:**
B. Riley Advisory Services
Carlson Dash, LLC
Saul Ewing Arnstein & Lehr LLP
Stretto, Inc.

**Lenders:**
RSS GSMS2015-GC28-WI RH, LLC
Starwood Mortgage Capital LLC
Rialto Loan Servicing

**Banks:**
Canadian Imperial Bank of Commerce
(CIBC)

**Utility Providers:**
Allbridge LLC
City of Milwaukee, WI
Eagle Disposal
WE Energies
Windstream Enterprises
Spectrum

**Top Creditors:**
ABM Parking Services
Aggie's Bakery & Cake Shop
Alan Di Leo
Arnall Golden Gregory LLP
Badger Liquor Wine and Spirits
Bar-i
Beechwood Sales & Service Inc
Breakthru Beverage Wisconsin On Premise
LLC
Brinks U.S.
Cade Law Group LLC

Capitol Husting Company Inc
Carisolo Inc
City of Milwaukee - Water Department"
City of Milwaukee - Dept of Neighborhood
Services
Clark Hill PLC
Coakley Brothers Company
Colectivo Coffee Roasters Inc
Dornbrook Construction Inc
Dykema Gossett PLLC
Eagle Disposal
Ecolab Inc
Employers Assurance Company
Encore
Fe Equus LLC
Florida Lofts LLC
Fortune Wisconsin LLC
Guest Supply
Haiges Machinery Inc
Hanna De Cicco
Indulgence Chocolatiers LLC
Internal Revenue Service- Centralized
Insolvency Operation
JR's Fabrication & Welding
Just Mechanical
Kravit Hovel & Krawczyk SC
M3 Accounting Services Inc
Mark Mauer
New Era Graphics & Printing Inc
O'Neil Cannon Hollman DeJong & Laing
SC
OPENTABLE Inc.
Palo Foods Inc
Per Mar Security Services
Prolitec Inc
Revinate Inc
Rialto Capital Advisors LLC
Sonifi Solutions Inc
Sysco Eastern Wisconsin LLC
Terry & Nudo LLC
Turano Baking Company
Uline Inc
UnitedHealthcare Inc.

40157217.4

VMarchese Inc
Wasserstrom Company
WE Energies
Wegner CPAs LLP
Wisconsin Dept of Revenue
Wolf's Dry Cleaners

**Taxing Authorities:**
City of Milwaukee, WI
Internal Revenue Service
Wisconsin Department of Revenue

**Other:**
Aparium Hotel Group
Heartland Payment Systems, Inc.
Highgate Hotels, L.P.
PA Management LLC

**Judges in the US Bankruptcy Court for the District of Delaware**
Judge Ashley M. Chan
Judge Brendan L. Shannon
Judge John. T. Dorsey
Chief Judge Laurie Selber Silverstein
Judge Craig T. Goldblatt
Judge Karen B. Owens
Judge J. Kate Stickles
Judge Mary F. Walrath

**Office of the United States Trustee – (Region 3) Delaware**
Attix, Lauren
Buchbinder, David
Casey, Linda
Cooke, Denis
Cudia, Joseph
Dice, Holly
Dortch, Shakima L.
Fox, Jr., Timothy J.
Giordano, Diane
Green, Christine
Hackman, Benjamin
Harris, Ramona
Jones, Nyanquoi
Leamy, Jane
McCollum, Hannah M.

McMahon, Joseph
Okita, Angelique
O'Malley, James R.
Panacio, Michael
Richenderfer, Linda
Sarkessian, Juliet
Schepacarter, Richard
Serrano, Edith A.
Sierra-Fox, Rosa
Tinker, Patrick T.
Wynn, Dion