**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| RIDER HOTEL, LLC,[1] | ) Case No. 22-10522 (JTD) |
| Debtor. | ) |

**MOTION OF THE DEBTOR FOR ENTRY OF INTERIM AND FINAL ORDERS
AUTHORIZING THE DEBTOR TO (I) HONOR GIFT CARDS, (II) HONOR AND
HOLD CUSTOMER DEPOSITS AND (III) ADMINISTER EXISTING CUSTOMER
PROGRAMS IN THE ORDINARY COURSE OF BUSINESS**

Rider Hotel, LLC (the "**Debtor**"), hereby files this motion (the "**Motion**"), by and through its proposed undersigned counsel, pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of interim and final orders substantially in the forms attached hereto as **Exhibit A** and **Exhibit B** (the "**Interim Order**" and the "**Final Order**," respectively, and together, the "**Proposed Orders**"): (i) authorizing the Debtor to honor Gift Cards (as defined herein); (b) authorizing the Debtor to honor and hold the Customer Deposits (as defined herein); (c) authorizing the Debtor to administer Customer Programs (as defined herein) in the ordinary course of business; and (d) granting related relief. In support of this Motion, the Debtor relies on and incorporates by reference the *Omnibus Declaration of Timothy Dixon in Support Debtor's Initial First-Day Motions and Related Relief* (the "**First Day Declaration**"), and respectfully states as follows:

---

[1] The last four digits of the Debtor's tax identification number are 2426. The Debtor's mailing address is W6609 Pine Hill Trail, P.O. Box 71, Cascade, WI 53011.

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Rule 9013-l(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtor consents to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004.

## BACKGROUND

4. On June 9, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). The Debtor is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Case and no committee has been appointed.

5. A detailed description of the Debtor and its business, and the facts and circumstances supporting this Motion and the Chapter 11 Case, are set forth in greater detail in the First Day Declaration.

**RELIEF REQUESTED**

6. By this Motion, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtor requests authority, on an interim and final basis, to (i) honor the Gift Cards (defined below), (ii) honor and hold the Customer Deposits (defined below), (iii) administer the Customer Programs (as defined below) in the ordinary course of business, and (iv) continue, modify and/or terminate the Customer Programs as the Debtor sees fit, in the ordinary course of business and without further application to this Court.

**THE DEBTOR'S CUSTOMER PROGRAMS**

7. The Debtor operates as a full-service, 7-story hotel (the "**Hotel**") with 100 guest rooms, three conference rooms, two banquet spaces, and restaurants and bars located onsite. In the ordinary course of business, the Debtor issues gift cards (the "**Gift Cards**" and such program, the "**Gift Card Program**") to customers for dining and reservations at the Hotel. In addition, the Debtor regularly accepts deposits for future stays at the Hotel, as well as future events at the Hotel, including weddings and corporate meetings (the "**Customer Deposits**" and such program, the "**Customer Deposits Program**," and together with the Gift Card Program, the "**Customer Programs**"). To continue the Debtor's goodwill with its customers, and to ensure that such customers do not suffer any loss as a result of the Chapter 11 Case, the Debtor seeks authority to continue the Customer Programs.

8. The Customer Programs are typical of the Debtor's industry and, without the ability to continue the Customer Programs, the Debtor risks losing customer loyalty and goodwill, the results of which may jeopardize the Debtor's restructuring efforts.

**A.     The Gift Card Program**

9.     The Debtor maintains the Gift Card Program, by which its customers can purchase physical pre-paid, non-expiring Gift Cards in various denominations, for use towards room reservations or dining at the Hotel.

10.    The Debtor estimates that, as of the Petition Date, approximately $55,000 in purchased and unredeemed Gift Cards are outstanding, which includes approximately $2,700 in customer credits that function in a similar manner as a Gift Card.

11.    To ensure that the Debtor's customers can use their existing Gift Cards, the Debtor seeks authority to maintain the Gift Card Program after the Petition Date in the ordinary course of business and to honor all Gift Cards, consistent with the Debtor's prepetition practice.

**B.     The Customer Deposits Program**

12.    In the ordinary course of business, the Debtor accepts deposits for future room reservations and planned events, including weddings and corporate gatherings.  It is critical that the Debtor be able to honor these deposits and reservations and receive prompt assurance of its ability to do so.  Accordingly, by this Motion, the Debtor seeks authorization to continue to hold the Customer Deposits, and to apply the Customer Deposits when necessary, for the benefit of the customers making event reservations so as not to disturb the customers' plans or events that are scheduled to take place at the Hotel.

13.    The Debtor estimates that, as of the Petition Date, approximately $96,000 in Customer Deposits are being held by the Debtor for the benefit of customers that have planned future reservations or events at the Hotel.

14.    While the Debtor does not believe any amounts are owed to customers on account of the Customer Deposits, the Debtor seeks authority, out of abundance of caution, to continue

hold the Customer Deposits for the relevant customers and apply such amounts to existing reservations and events as regularly scheduled, in the ordinary course of business.

**BASIS FOR RELIEF REQUESTED**

A. **Ample Authority Exists for Approval of the Customer Programs**

15. Under section 363(b)(1) of the Bankruptcy Code, "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). This provision grants courts broad flexibility to authorize a debtor to pay prepetition claims where a sound business purpose exists. *See In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989).

16. In addition, under section 105(a) of the Bankruptcy Code, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Pursuant to section 105(a) and the doctrine of necessity, the bankruptcy court may exercise its broad equitable powers to authorize the payment of prepetition obligations when such payment is essential to the continued operation of a debtor's business. *See, e.g., In re Just for Feet, Inc.*, 242 B.R. 821, 824-25 (D. Del. 1999) (finding that section 105(a) of the Bankruptcy Code provides a statutory basis for the payment of prepetition claims under the doctrine of necessity and noting that "[t]he Supreme Court, the Third Circuit and the District of Delaware all recognize the court's power to authorize payment of pre-petition claims when such payment is necessary for the debtor's survival during chapter 11"); *In re Columbia Gas Sys., Inc.*, 171 B.R. 89, 191-92 (Bankr. D. Del. 1994) (confirming that the doctrine of necessity is the standard in the Third Circuit for enabling a court to authorize the payment of prepetition claims prior to the confirmation of a reorganization plan).

17. Bankruptcy courts regularly rely on their authority under section 105(a) and the doctrine of necessity to grant debtors the discretionary authority to pay certain prepetition claims

"where the payment is necessary to permit the effectuation of the rehabilitative purposes of the Bankruptcy Code." *In re Sharon Steel Corp.*, 159 B.R. 730, 736 (Bankr. W.D. Penn. 1993); *see also In re Lehigh & New England Ry. Co.*, 657 F.2d 570,581 (3d Cir. 1981) (holding that a court may authorize payment of prepetition claims if such payment is essential to continued operation of the debtor); *Ionosphere Clubs*, 98 B.R. at 175 (authorizing the payment of prepetition claims and explaining that the "ability of a Bankruptcy Court to authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept").

18.     The rationale for making payments to prepetition creditors under the doctrine of necessity is consistent with the paramount goal of chapter 11: "the continued operation and rehabilitation of the debtor ...." *Ionosphere Clubs*, 98 B.R. at 176. To that end, approval of such payments often benefits, rather than harms, the debtors' other creditors. *See, e.g., Sharon Steel*, 159 B.R. at 737 (approving payments of prepetition wages under the doctrine of necessity where doing so would maximize the value of the debtors' assets and noting that payments made pursuant to the doctrine of necessity "must not only be in the best interest of the debtor but also in the best interest of its other creditors").

19.     Moreover, Bankruptcy Rule 6003 itself implies that the payment of prepetition obligations may be permissible within the first twenty-one days of a case where doing so is "necessary to avoid immediate and irreparable harm." *See* Fed. R. Bankr. P. 6003.

**B.     The Relief Sought Is In the Best Interests of the Debtor's Business and the Estate**

20.     The ability to continue administering the Customer Programs without interruption is critical to the Debtor's valuable customer relationships and goodwill, which will inure to the benefit of all of the Debtor's stakeholders. If the Debtor is unable to continue the Customer Programs as described herein, the Debtor risks alienating customers and could suffer

corresponding losses in customer loyalty and goodwill that will harm its prospects for a successful reorganization.

21. The Customer Programs are also essential for attracting new customers. Failure to continue the Customer Programs and offer programs, such as the Gift Card Program, will place the Debtor at a significant competitive disadvantage against the other hotels and event spaces in Milwaukee, Wisconsin. Such uncertainty could erode the Debtor's hard-earned customer loyalty, which, in turn, could adversely impact its ability to successfully administer its Chapter 11 Case.

22. The benefits of continuing to honor the Customer Programs outweigh the minimal associated costs. As such, the Debtor respectfully requests the entry of the Interim and Final Orders authorizing the Debtor to continue to honor the Customer Programs in the ordinary course of business.

C. **Request for Authority for Banks to Honor and Pay Checks and Funds Transfers Related to Customer Programs**

23. To implement the relief requested herein, the Debtor further requests that all of its banks and other financial institutions (collectively, the "**Banks**") be authorized to receive, process, honor and pay all checks presented for payment of, and to honor all funds transfer requests made by the Debtor related to the Customer Programs regardless of whether such checks were presented or funds transfer requests were submitted prior to or after the Petition Date; *provided*, *however*, that (a) funds are available in Debtor's accounts to cover such checks and funds transfers and (b) the Banks are authorized to rely on Debtor's designation of any particular check or funds transfer as approved by the order granting the relief sought herein.

## REQUESTED RELIEF SATISFIES BANKRUPTCY RULE 6003

24. Bankruptcy Rule 6003 provides that "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding . . . a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition . . . ." Fed. R. Bankr. P. 6003(b).

25. The Debtor submits that, because the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor for the reasons set forth herein, Bankruptcy Rule 6003 has been satisfied and the relief requested herein should be granted.

## REQUEST FOR WAIVER OF BANKRUPTCY RULES 6004(a) AND (h)

26. To implement the foregoing immediately, the Debtor respectfully requests a waiver of the notice requirements under Bankruptcy Rule 6004(a). Furthermore, to implement the foregoing immediately, the Debtor seeks a waiver of any stay of the effectiveness of the orders approving this Motion. Pursuant to Bankruptcy Rule 6004(h), any "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of fourteen (14) days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). As set forth above, continuing to honor the Customer Programs is essential to prevent potentially irreparable damages to the Debtor's business operations and its estate and harm to the Debtor's customers, which are relying on the Debtor to uphold their reservations, properly apply their deposits and otherwise honor any Gift Cards. Accordingly, the Debtor submits that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h).

## RESERVATION OF RIGHTS

27. Nothing contained herein is intended or should be construed as an admission as to the validity of any claim against the Debtor, a waiver of the Debtor's rights to dispute any claim,

or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code. If this Court grants the relief requested in this Motion, any Court-authorized payment is not an admission of the validity of any claim or a waiver of the Debtor's or any other party's rights to subsequently dispute such claim. In addition, authorization to honor the Customer Programs described in this Motion will not be deemed a direction to the Debtor to pay any such claims.

## **NOTICE**

28. Notice of this Motion shall be given to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtor's 20 largest unsecured creditors; (iii) counsel to RSS GSMS2015-GC28-WI RH, LLC; (iv) the United States Attorney for the District of Delaware; (v) the United States Attorney for the Eastern District of Wisconsin; (vi) the Internal Revenue Service; (vii) P.A. Management LLC; (viii) counsel to Highgate Hotels, L.P.; (ix) the Banks; and (x) any party that has requested notice pursuant to Bankruptcy Rule 2002. As this Motion seeks "first day" relief, notice of this Motion and any order entered in connection with the Motion will be served on all parties required by Local Rule 9013-1(m). Due to the nature of the relief requested herein, the Debtor submits that no other or further notice need be provided.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtor respectfully requests entry of the Proposed Orders, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: June 14, 2022 **SAUL EWING ARNSTEIN & LEHR LLP**

By: */s/ Monique B. DiSabatino*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
Matthew P. Milana (DE Bar No. 6681)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
mark.minuti@saul.com
monique.disabatino@saul.com
matthew.milana@saul.com

-and-

Barry A. Chatz (admitted *pro hac vice*)
Michael L. Gesas (admitted *pro hac vice*)
161 North Clark Street, Suite 4200
Chicago, IL 60601
Telephone: (312) 876-7100
barry.chatz@saul.com
michael.gesas@saul.com

-and-

**CARLSON DASH, LLC**

Kurt M. Carlson (admitted *pro hac vice*)
Martin J. Wasserman (admitted *pro hac vice*)
C. Douglas Moran (admitted *pro hac vice*)
10411 Corporate Dr., Suite 100
Pleasant Prairie, WI 53158
Telephone: 262-857-1600
kcarlson@carlsondash.com
mwasserman@carlsondash.com
cdmoran@carlsondash.com

*Proposed Counsel for Rider Hotel, LLC*