IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| RIDER HOTEL, LLC,[1] | ) Case No. 22-10522 (JTD) |
| Debtor. | ) Hearing Date: July 13, 2022 at 2:00 p.m. (ET)<br>) Objection Deadline: July 6, 2022 at 4:00 p.m. (ET) |

**APPLICATION OF THE DEBTOR FOR THE ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF CARLSON DASH, LLC AS COUNSEL TO THE DEBTOR, EFFECTIVE AS OF THE PETITION DATE**

Rider Hotel, LLC (the "**Debtor**") hereby files this application (the "**Application**"), by and through its proposed undersigned counsel, pursuant to sections section 327(a) of Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court of the District of Delaware (the "**Local Rules**"), for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing the retention and employment of Carlson Dash, LLC ("**CD**" or the "**Firm**") as co-counsel to the Debtor, effective as of the Petition Date (as defined below). In support of this Application, the Debtor relies on the Declaration of Kurt M. Carlson, Esquire (the "**Carlson Declaration**"), a copy of which is attached hereto as **Exhibit B,** and respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court

---

[1] The last four digits of the Debtor's tax identification number are 2426. The Debtor's mailing address is W6609 Pine Hill Trail, P.O. Box 71, Cascade, WI 53011.

for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Local Rule 9013-l(f), the Debtor consents to the entry of a final order by the Court in connection with this matter to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested in this Application are section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1.

## BACKGROUND

4. On June 9, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**"). The Debtor is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in the Chapter 11 Case and no committee has been appointed to date.

5. A detailed description of the Debtor and its business, and the facts and circumstances supporting this Application and the Chapter 11 Case, are set forth in greater detail in the *Omnibus Declaration of Timothy Dixon in Support of Debtor's Initial First Day Motions and Related Relief* [Docket No. 24].

## RELIEF REQUESTED

6. By this Application, the Debtor respectfully requests the entry of an Order, substantially in the form of the Proposed Order, authorizing the Debtor to employ and retain CD as bankruptcy counsel to the Debtor, effective as of the Petition Date.

**BASIS FOR RELIEF REQUESTED**

I. **CD's Qualifications**

7.      The Debtor seeks to retain CD as its bankruptcy counsel because of the Firm's extensive experience and knowledge in the field of debtor's and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. The Debtor believes that CD's bankruptcy experience will enable the Firm to work in an efficient and cost-effective manner on behalf of the Debtor's estate. Additionally, CD attorneys (both while employed at CD and prior thereto) have represented the Debtor on various corporate, employment, and litigation matters from the time the Debtor was formed. As a result, CD is familiar with the Debtor's business and many of the potential legal issues that may arise in connection with the Chapter 11 Case. Accordingly, the Debtor believes that CD is well-qualified to represent it as bankruptcy counsel in the Chapter 11 Case.

II. **Services to be Provided**

8.      The professional services that CD will render to the Debtor in the Chapter 11 Case will include, but shall not be limited to, the following:

   a.   providing legal advice with respect to the Debtor's powers and duties as a debtor in possession in the continued operation of its business and management of its property;

   b.   preparing and pursuing confirmation of a plan and approval of a disclosure statement;

   c.   preparing, on behalf of the Debtor, necessary applications, motions, answers, orders, reports, and other legal papers;

   d.   appearing in Court and protecting the interests of the Debtor before the Court;

   e.   providing assistance, advice and representation concerning any investigation of the assets, liabilities and financial condition of the Debtor that may be required under local, state or federal law or orders of this or any other court of competent jurisdiction;

   f. providing counseling and representation with respect to assumption or rejection of executory contracts and leases, sales of assets and other bankruptcy-related matters arising from the Chapter 11 Case; and

   g. performing all other services assigned by the Debtor to CD as counsel to the Debtor, and to the extent the Firm determines that such services fall outside of the scope of services historically or generally performed by CD as counsel in a bankruptcy proceeding, CD will file a supplemental declaration pursuant to Bankruptcy Rule 2014.

9. By separate applications, the Debtor has requested, or will request, Court approval of the retentions of: (a) Saul Ewing Arnstein & Lehr LLP, as Delaware co-counsel; (b) B. Riley Advisory Services, as financial advisor; and (c) Stretto, Inc., as claims and noticing agent and administrative advisor. In addition, the Debtor also may file motions or applications to employ additional professionals.

10. These professionals work, and will continue to work, under the direction of the Debtor's management. The Debtor's management is committed to minimizing duplication of services to reduce professional costs. To that end, the Debtor understands that CD is prepared to work closely with each professional to ensure that there is no unnecessary duplication of effort or cost.

### III. Terms of Retention

11. The terms of CD's employment provide generally that certain attorneys and other personnel within the Firm will undertake this representation at their standard hourly rates, and that CD will be reimbursed for reasonable and necessary expenses, subject to the approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and other applicable orders of this Court.

12. The present hourly rates for attorneys and paralegals of the Firm are set forth in the Carlson Declaration attached hereto. These hourly rates are subject to periodic adjustments to

reflect economic and other conditions and to reflect increased expertise and experience in one's area of law.

13. CD will also seek reimbursement for reasonable and necessary expenses incurred, which may include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, photocopying charges at the rate of $0.10 per page, travel expenses, expenses for "working meals", computerized research, transcription costs, as well as non-ordinary overhead expenses and other out-of-pocket expenses incurred in providing professional services to the Debtor. CD will charge for these expenses in a manner and at rates consistent with charges made generally to its other clients.

14. As noted above, CD will file fee applications with the Court, and be paid in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court.

**IV.  Compensation**

15. CD was retained by the Debtor for advice regarding its options related to foreclosure and receivership pursuant to an engagement letter dated December 2, 2021 (the "**Litigation Engagement Agreement**"). In accordance with the Litigation Engagement Agreement, on December 6, 2021, CD received an initial retainer in the amount of $60,000.00, which was thereafter refreshed from time to time (the "**Litigation Retainer**").

16. CD was further retained by the Debtor with respect to the preparation and filing of this Chapter 11 case by engagement letter dated April 6, 2022 (the "**Bankruptcy Engagement Agreement**"). In accordance with the Bankruptcy Engagement Agreement, CD received an initial retainer in the amount of $100,000.00, which was thereafter refreshed from time to time. Additionally, prior to the Petition Date, the Debtor paid a retainer in the amount of $120,000.00

(the "**General Bankruptcy Retainer**"). The balance of the Litigation Retainer and the General Bankruptcy Retainer, collectively constitute an advance security retainer (the "**Bankruptcy Retainer**") to be applied against CD's allowed fees and expenses, as permitted by the Court. These funds are being held in one of CD's pooled non-interest-bearing trust accounts.

17. The dates and amounts of the payments received by CD in connection with the Litigation Retainer, and the dates and amounts of the application of the Bankruptcy Retainer prior to the Petition Date, are set forth below:

| Date | Retainer Payment | Fees/Expenses Paid |
| --- | --- | --- |
| December 6, 2021 | $60,000.00 | $60,000.00 |
| April 7, 2022 | -- | $25,000.00[2] |
| April 7, 2022 | $100,000.00 | $80,961.08 |
| June 8, 2022 | $120,000.00 | $20,000.00 |
| Total | $280,000.00 | $185,961.08 |

18. As of the date of this Application, the Litigation Retainer balance is $19,038.92 and the General Bankruptcy Retainer balance is $100,000.00.

19. Within the year preceding the Petition Date, other than the retainers set forth above, CD has received no other payments from the Debtor on account of services rendered or to be rendered in contemplation of or in connection with the Chapter 11 Case.

20. As set forth in the Carlson Declaration, CD has not shared or agreed to share any of its compensation in this bankruptcy from the Debtor with any other person, other than as permitted by section 504 of the Bankruptcy Code.

### **CD'S DISINTERESTEDNESS**

21. The standard for a debtor-in-possession to employ attorneys as general bankruptcy counsel is set forth in sections 327(a) and 1107 of the Bankruptcy Code, as interpreted by the Third

---

[2] The $25,000.00 payment on April 7, 2022 was applied to fees and costs accrued following the exhaustion of the initial $60,000.00 retainer.

40187743.1 06/22/2022

Circuit Court of Appeals. Those sections provide that a debtor-in-possession, with the court's approval, may employ attorneys "that do not hold or represent an interest adverse to the estate," and that are "disinterested persons." 11 U.S.C. § 327(a); 11 U.S.C. § 1107; *see also In re BH&P, Inc.*, 949 F.2d 1300, 1314 (3d Cir. 1991). A "disinterested person" is defined as one who does not have an interest materially adverse to the interest of the estate, by reason of any direct or indirect relationship with the debtor, or for any other reason. 11 U.S.C. § 101(14)(e).

22. As described in detail in the attached Carlson Declaration, CD conducted a search of its conflict database with respect to the Debtor and a list of parties-in-interest and potential parties-in-interest in the Chapter 11 Case. The scope of that conflicts search is set out on <u>Exhibit 1</u> to the Carlson Declaration and the results of the conflicts search are set forth on <u>Exhibit 2</u> to the Carlson Declaration.

23. Based on the results of the conflicts search, CD has informed the Debtor that, except as may be set forth in the Carlson Declaration, CD (a) does not hold or represent any interest adverse to the Debtor's estate, and (b) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

24. CD has also informed the Debtor that it will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, CD will supplement its disclosure to the Court.

25. For the reasons set forth above, the Debtor submits that CD's employment is necessary and in the best interests of the Debtor and its estate.

**APPROVAL EFFECTIVE AS OF THE PETITION DATE**

26. The Third Circuit has identified "time pressure to begin service" and absence of prejudice as factors favoring *nunc pro tunc* retention. *See Matter of Arkansas Co.*, 798 F.2d 645,

650 (3d Cir. 1986). The complexity and speed that have characterized the Chapter 11 Case have necessitated that the Debtor, CD and the Debtor's other professionals focus their immediate attention on time-sensitive matters and promptly devote substantial resources to the Chapter 11 Case, pending submission and approval of this Application. Upon information and belief, no party-in-interest would be prejudiced by the granting of the relief requested herein on a retroactive basis to the Petition Date.

## NOTICE

27. Notice of this Application shall be given to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the Debtor's 20 largest unsecured creditors; (iii) counsel to RSS GSMS2015-GC28-WI RH, LLC; (iv) the United States Attorney for the District of Delaware; (v) the United States Attorney for the Eastern District of Wisconsin; (vi) the Internal Revenue Service; (vii) P.A. Management LLC; (viii) counsel to Highgate Hotels, L.P.; and (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtor respectfully submits that no further notice is required.

## NO PRIOR REQUEST

28. No prior request for the relief sought in this Application has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtor respectfully requests the entry of an order: (i) authorizing and approving the employment and retention of CD as counsel to the Debtor, effective as of the Petition Date; and (ii) granting such other and further relief as the Court deems appropriate.

Dated: June 22, 2022                           **Rider Hotel, LLC**

By: */s/ Timothy J. Dixon*
    Name: Timothy J. Dixon
    Title: President

40187743.1 06/22/2022