## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| RIDER HOTEL, LLC,[1] | ) Case No. 22-10522 (JTD) |
| Debtor. | ) Objection Deadline: August 10, 2022 at 4:00 p.m.<br>) Hearing Date: Only if an objection is filed |

### SUMMARY COVER SHEET TO THE FIRST MONTHLY FEE APPLICATION OF SAUL EWING ARNSTEIN & LEHR LLP, CO-COUNSEL TO THE DEBTOR, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JUNE 9, 2022 THROUGH JUNE 30, 2022

| Name of Applicant: | Saul Ewing Arnstein & Lehr LLP |
|---|---|
| Authorized to Provide Professional Services to: | Debtor and Debtor-in-Possession |
| Date of Retention: | Effective as of June 9, 2022 |
| Period for which compensation and reimbursement is sought: | June 9, 2022 through June 30, 2022 |
| Amount of Compensation sought as actual, reasonable and necessary: | $131,202.50<br>(80% of which is $104,962.00) |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $0.00 |

This is an: **X** monthly    ___ interim    ___ final application.

Saul Ewing Arnstein & Lehr LLP intends to seek compensation in connection with the preparation of this Application at a later date.

Prior Applications:  None

---

[1]    The last four digits of the Debtor's tax identification number are 2426.  The Debtor's mailing address is W6609 Pine Hill Trail, P.O. Box 71, Cascade, WI 53011

40277803.2.docx 07/20/2022

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>RIDER HOTEL, LLC,[1]<br><br>      Debtor. | ) Chapter 11<br>)<br>) Case No. 22-10522 (JTD)<br>)<br>) Objection Deadline: August 10, 2022 at 4:00 p.m.<br>) Hearing Date: Only if an objection is filed |

**FIRST MONTHLY FEE APPLICATION OF SAUL EWING ARNSTEIN &
LEHR LLP, CO-COUNSEL TO THE DEBTOR, FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
FROM JUNE 9, 2022 THROUGH JUNE 30, 2022**

  Saul Ewing Arnstein & Lehr LLP ("**Saul Ewing**" or "**Applicant**"), co-counsel to the debtor and debtor-in-possession (the "**Debtor**"), hereby applies to the Court for interim allowance of compensation for the period June 9, 2022 through June 30, 2022 (the "**Application Period**") with respect to its retention as co-counsel to the Debtor. In support of this Application, Saul Ewing represents as follows:

**<u>Background</u>**

  1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

  2. The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

---

[1]  The last four digits of the Debtor's tax identification number are 2426. The Debtor's mailing address is W6609 Pine Hill Trail, P.O. Box 71, Cascade, WI 53011

**Jurisdiction**

3. On June 9, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this Chapter 11 Case.

4. On July 8, 2022, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 85] (the "**Interim Compensation Order**"), which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in the Chapter 11 Case.

**Retention of Saul Ewing**

5. On July 8, 2022, this Court entered the *Order Authorizing the Employment and Retention of Saul Ewing Arnstein & Lehr LLP as Co-Counsel to the Debtor, Effective as of the Petition Date* [D.I. 87].

**Professional Services Rendered**

6. During the Application Period, Saul Ewing partners, associates and paraprofessionals rendered a total of 243.20 hours of professional services to the Debtor, for which Saul Ewing requests allowance of interim compensation in the amount of $131,202.50. The blended hourly rate for the hours included in this Application is equal to $539.48 per hour, calculated as to attorneys, paralegals and paraprofessionals. At all times, work was assigned to the attorney, paralegal or paraprofessional with the lowest billing rate possible commensurate with the skill, background, responsibility and expertise needed to do the work efficiently.

7.  Saul Ewing's hourly rates are set at a level designed to compensate Saul Ewing for the work of its attorneys, paralegals and paraprofessionals and to cover fixed and routine expenses. The hourly rates and corresponding hourly rates structure utilized by Saul Ewing in this Chapter 11 Case are equivalent to the hourly rates and corresponding rate structure used by Saul Ewing for other corporate restructuring and bankruptcy matters, as well as similar complex corporate, labor, real estate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.  Attached hereto as **Exhibit A** is a summary of the blended hourly rates for timekeepers who billed during the Application Period and Saul Ewing's firm-wide range of billing rates for its various positions.

8.  Saul Ewing maintains computerized records of all time expended for the professional services rendered in connection with this Chapter 11 Case on behalf of the Debtor. Attached hereto as **Exhibit B** is a summary of fees incurred and hours expended during the Application Period along with a detailed, chronological itemization covering all the services performed by Applicant.  This detailed itemization complies with Del. Bankr. L.R. 2016-2(d) in that (i) each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity, (ii) all time is billed in increments of one-tenth of an hour, and (iii) time entries are presented chronologically by Applicant.

9.  Attached hereto as **Exhibit C** is a detailed itemization, by project category, of all services performed by Applicant with respect to these matters during the Application Period.  Non-working travel time (to the extent applicable) is billed at 50% of normal rates.

10. Attached hereto as **Exhibit D** is a Declaration of Applicant with respect to the compensation requested.

**Summary of Legal Services by Project Category**

11.  The services rendered by Saul Ewing during the Application Period can be grouped in the categories set forth below. The following chart is a summary of the fees and hours billed for each project category during the Application Period.

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| Business Operations / Tax Issues | 10.50 | $4,110.00 |
| General Case Administration | 63.50 | $36,897.50 |
| Cash Collateral / DIP Financing | 75.30 | $49,233.00 |
| Employee / Compensation Matters | 16.30 | $7,177.00 |
| Executory Contracts / Unexpired Leases | 5.30 | $1,855.00 |
| Fee/Employment Applications – SEAL | 8.40 | $4,169.50 |
| Fee/Employment Applications – Other | 21.70 | $7,810.50 |
| Preparation / Attendance at Hearings | 24.70 | $12,763.50 |
| Schedules / Statement of Financial Affairs | 1.40 | $547.50 |
| UST Creditor Meetings / Reports | 9.20 | $4,024.50 |
| Utilities | 6.90 | $2,614.50 |
| **TOTAL** | **243.20** | **$131,202.50** |

12.  These categories are generally described below, with a more detailed identification of the actual services provided set forth in **Exhibit C** attached hereto.

>   (a)  <u>Business Operations / Tax Issues</u>.  This category includes all matters relating to the operation of the Debtor's business. Time in this category includes reviewing a management agreement; drafting, revising and filing a customer program motion, a tax motion and a cash management motion; reviewing and revising interim customer program and cash management orders; communicating with the Office of the United States Trustee (the "**UST**") regarding issues with the customer program and cash management motions; communicating with B. Riley Advisory Services ("**B. Riley**") regarding the tax motion; and communicating with the Debtor and Carlson Dash, LLC ("**Carlson Dash**") regarding cash management and customer program issues.  Saul Ewing spent 10.50 hours of attorney and paraprofessional time on the foregoing services.  Said services have a value of $4,110.00 for which Saul Ewing is seeking compensation.

| Business Operations / Tax Issues | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| B. Chatz | Partner | 0.20 | $179.00 |
| M. DiSabatino | Partner | 4.20 | $2,100.00 |
| M. Milana | Associate | 2.90 | $1,015.00 |
| R. Warren | Paraprofessional | 3.20 | $816.00 |
| **Total** | | **10.50** | **$4,110.00** |

(b) <u>General Case Administration</u>. This category includes all matters related to work regarding the administration of the case. Time in this category includes drafting and updating a case calendar; analyzing the status of open motions and open issues; drafting, revising and filing pro hac vice motions, a notice of hearing to consider first day pleadings, notices of agenda and amended agendas, and a notice of entry of orders and hearing; reviewing, revising and filing a first day declaration and various first day motions; communicating with RSS GSMS2015-GC28-WI RH, LLC's (the "**Lender**") counsel regarding a stay of the Wisconsin receivership; communicating with the UST regarding the first day motions; communicating with Carlson Dash and the Saul Ewing team regarding noticing issues, first day motions, case status, and hearings; and communicating with Stretto regarding service instructions for various documents, service issues and the matrix. Saul Ewing spent 63.50 hours of attorney and paraprofessional time on the foregoing services. Said services have a value of $36,897.50 for which Saul Ewing is seeking compensation.

| General Case Administration | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| B. Chatz | Partner | 15.10 | $13,514.50 |
| M. Gesas | Partner | 5.40 | $4,455.00 |
| M. Minuti | Partner | 5.30 | $4,319.50 |
| J. Demmy | Partner | 0.20 | $154.00 |
| M. DiSabatino | Partner | 16.40 | $8,200.00 |
| M. Milana | Associate | 9.20 | $3,220.00 |
| R. Warren | Paraprofessional | 11.90 | $3,034.50 |
| **Total** | | **63.50** | **$36,897.50** |

(c) <u>Cash Collateral / DIP Financing</u>. This category includes all matters relating to cash collateral issues. Time in this category includes reviewing and analyzing the budget, revised budget and an initial UCC filing; drafting and revising a cash collateral motion, cash collateral order, a cash collateral stipulation and an agreed order; drafting, revising and filing a certification of counsel regarding the agreed order approving the cash collateral

stipulation and an emergency cash collateral motion; communicating with the Lender, B. Riley and Carlson Dash regarding the cash collateral and budget; and communicating with the UST regarding issues with the cash collateral. Saul Ewing spent 75.30 hours of attorney and paraprofessional time on the foregoing services. Said services have a value of $49,233.00 for which Saul Ewing is seeking compensation.

| Cash Collateral / DIP Financing | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| B. Chatz | Partner | 3.50 | $3,132.50 |
| M. Gesas | Partner | 32.00 | $26,400.00 |
| M. Minuti | Partner | 2.10 | $1,711.50 |
| J. Demmy | Partner | 11.50 | $8,855.00 |
| M. DiSabatino | Partner | 0.90 | $450.00 |
| M. Milana | Associate | 23.50 | $8,225.00 |
| R. Warren | Paraprofessional | 1.80 | $459.00 |
| **Total** | | **75.30** | **$49,233.00** |

(d) <u>Employee / Compensation Matters</u>. This category includes all time spent in connection with various employee issues. Time in this category includes drafting, revising and filing an employee compensation motion; revising an interim employee compensation order; communicating with the UST regarding the employee compensation motion; and communicating with B. Riley, Carlson Dash and the Saul Ewing team regarding the employee compensation motion. Saul Ewing spent 16.30 hours of attorney and paraprofessional time on the foregoing services. Said services have a value of $7,177.00 for which Saul Ewing is seeking compensation.

| Employee / Compensation Matters | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| B. Chatz | Partner | 0.20 | $179.00 |
| M. Minuti | Partner | 0.20 | $163.00 |
| M. DiSabatino | Partner | 9.10 | $4,550.00 |
| M. Milana | Associate | 5.80 | $2,030.00 |
| R. Warren | Paraprofessional | 1.00 | $255.00 |
| **Total** | | **16.30** | **$7,177.00** |

(e) <u>Executory Contracts and Unexpired Leases</u>. This category includes all time spent in connection with contract and lease analysis, the assumption, assignment or rejection of executory contracts and unexpired leases, and cure claims. Time in this category includes drafting and revising a gift cards motion; conducting research concerning customer program precedent in

Delaware; and communicating with B. Riley regarding customer programs. Saul Ewing spent 5.30 hours of attorney time on the foregoing services. Said services have a value of $1,855.00 for which Saul Ewing is seeking compensation.

| Executory Contracts and Unexpired Leases | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. Milana | Associate | 5.30 | $1,855.00 |
| **Total** | | **5.30** | **$1,855.00** |

(f)  <u>Fee/Employment Applications (Saul Ewing)</u>.  This category includes all matters related to the review and preparation of a retention application and fee applications for Saul Ewing.  Time in this category includes preparing a potential parties in interest list; and drafting, revising and filing Saul Ewing's retention application.  Saul Ewing spent 8.40 hours of attorney and paraprofessional time on the foregoing services.  Said services have a value of $4,169.50 for which Saul Ewing is seeking compensation.

| Fee/Employment Applications (Saul Ewing) | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| B. Chatz | Partner | 1.70 | $1,521.50 |
| M. DiSabatino | Partner | 2.40 | $1,200.00 |
| M. Milana | Associate | 3.70 | $1,295.00 |
| R. Warren | Paraprofessional | 0.60 | $153.00 |
| **Total** | | **8.40** | **$4,169.50** |

(g)  <u>Fee/Employment Applications (Other)</u>.  This category includes all matters related to the review and analysis and/or filing of retention and fee applications for other professionals in this Chapter 11 Case.  Time in this category includes drafting an engagement letter with Stretto; drafting, revising and filing retention applications for the Debtor's professionals, and an interim compensation motion; communicating with the Debtor's professionals regarding issues with the retention applications; and communicating with the UST regarding issues with B. Riley's retention application. Saul Ewing spent 21.70 hours of attorney and paraprofessional time on the foregoing services.  Said services have a value of $7,810.50 for which Saul Ewing is seeking compensation.

| Fee/Employment Applications (Other) | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. DiSabatino | Partner | 3.40 | $1,700.00 |
| M. Milana | Associate | 15.20 | $5,320.00 |
| R. Warren | Paraprofessional | 3.10 | $790.50 |
| **Total** | | **21.70** | **$7,810.50** |

40277803.2.docx 07/20/2022

(h) <u>Preparation / Attendance at Hearing</u>.  This category includes time related to the preparation for and attendance at various court hearings; communicating with Chambers regarding hearings; communicating with Carlson Dash, the Lender and the UST regarding hearing issues; and preparing blackline orders for the court.  Saul Ewing spent 24.70 hours of attorney time on the foregoing services.  Said services have a value of $12,763.50 for which Saul Ewing is seeking compensation.

| Preparation / Attendance at Hearing | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| B. Chatz | Partner | 1.00 | $895.00 |
| M. Gesas | Partner | 3.30 | $2,722.50 |
| J. Demmy | Partner | 0.90 | $693.00 |
| M. DiSabatino | Partner | 10.60 | $5,300.00 |
| A. Mayer Kohn | Associate | 1.90 | $703.00 |
| M. Milana | Associate | 7.00 | $2,450.00 |
| **Total** | | **24.70** | **$12,763.50** |

(i) <u>Schedules / Statement of Financial Affairs</u>.  This category includes time related to the preparation of schedules and statements of financial affairs. Time in this category includes drafting, revising and filing a motion to extend the deadline to file schedules and statements of financial affairs ("**SOFAs**"); and communicating with Carlson Dash and Stretto regarding preparation of the schedules and SOFAs.  Saul Ewing spent 1.40 hours of attorney and paraprofessional time on the foregoing services.  Said services have a value of $547.50 for which Saul Ewing is seeking compensation.

| Schedules / Statement of Financial Affairs | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| M. DiSabatino | Partner | 0.70 | $350.00 |
| M. Milana | Associate | 0.20 | $70.00 |
| R. Warren | Paraprofessional | 0.50 | $127.50 |
| **Total** | | **1.40** | **$547.50** |

(j) <u>UST Creditors Meetings / Reports</u>.  This category includes time related to the preparation of operating reports and other information required by the UST or the Court.  Time in this category includes communicating with the UST and Carlson regarding the initial debtor interview (the "**IDI**"); compiling documents for the IDI; and communicating with the UST

regarding issues with the first day motions.  Saul Ewing spent 9.20 hours of attorney on the foregoing services.  Said services have a value of $4,024.50 for which Saul Ewing is seeking compensation.

| UST Creditors Meetings / Reports | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| B. Chatz | Partner | 0.10 | $89.50 |
| M. DiSabatino | Partner | 5.00 | $2,500.00 |
| M. Milana | Associate | 4.10 | $1,435.00 |
| **Total** | | **9.20** | **$4,024.50** |

(k)  <u>Utilities</u>.  This category includes time related to utilities.  Time in this category includes drafting, revising and filing a utilities motion; and communicating with B. Riley regarding the utilities motion.  Saul Ewing spent 6.90 hours of attorney and paraprofessional time on the foregoing services.  Said services have a value of $2,614.50 for which Saul Ewing is seeking compensation.

| Utilities | | | |
|---|---|---|---|
| **Professionals** | **Position** | **Hours** | **Compensation** |
| B. Chatz | Partner | 0.40 | $358.00 |
| M. Minuti | Partner | 0.10 | $81.50 |
| M. DiSabatino | Partner | 0.20 | $100.00 |
| M. Milana | Associate | 5.20 | $1,820.00 |
| R. Warren | Paraprofessional | 1.00 | $255.00 |
| **Total** | | **6.90** | **$2,614.50** |

### **Compensation Should Be Allowed**

13.  The foregoing services in the total amount of $131,202.50 provided by Saul Ewing on behalf of the Debtor during the Application Period were reasonable, necessary and appropriate to the administration of the Chapter 11 Case.

14.  The attorneys who worked on this case during the Application Period have various levels and areas of expertise.  Accordingly, it was necessary for these attorneys to consult with each other on different aspects and issues relating to the Chapter 11 Case.

15. Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extend, and the value of such services, taking into account all relevant factors, including
>
> (a) the time spent on such services;
>
> (b) the rates charged for such services;
>
> (c) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (e) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and
>
> (f) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

16. The services performed by Saul Ewing during the Application Period for which compensation is sought were necessary for, and beneficial to, the Debtor and the Debtor's estates. Saul Ewing submits that the compensation sought is reasonable.

17.     Saul Ewing submits that the services provided to the Debtor by Saul Ewing during this Chapter 11 Case were necessary and appropriate given the complexity of this Chapter 11 Case, the issues involved, the nature and extent of services provided, and the cost of comparable services outside of bankruptcy, all of which are factors set forth in section 330 of the Bankruptcy Code. Accordingly, Saul Ewing respectfully submits that approval of the compensation sought for the Application Period is appropriate and should be approved.

18.     Saul Ewing has reviewed the requirements of Del. Bankr. L.R. 2016-2 and believes that this Application complies with the such requirements.

## Notice

19.     Notice of this Application is being provided to the Notice Parties identified in the Interim Compensation Order and to all other parties who have requested notice pursuant to Bankruptcy Rule 2002.

20.     No prior request for the relief sought by this Application has been made to this or any other court.

WHEREFORE, Saul Ewing respectfully requests that the Court enter an Order (i) allowing, authorizing and directing payment of interim compensation in the amount of $131,202.50 (80% of which is $104,962.00) for legal services rendered on behalf of the Debtor during the Application Period; and, (ii) granting such other and further relief as the Court deems just and proper.

Dated: July 20, 2022	**SAUL EWING ARNSTEIN & LEHR LLP**

By:	*/s/ Monique B. DiSabatino*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19801
Telephone: (302) 421-6800
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Barry A. Chatz
Michael L. Gesas
161 North Clark Street, Suite 4200
Chicago, IL 60601
Telephone: (312) 876-7100
barry.chatz@saul.com
michael.gesas@saul.com

*Co-Counsel for Debtor and Debtor in Possession*