**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| RIDER HOTEL, LLC, | ) Case No. 22-10522 (JTD) |
| Debtor.[1] | ) Related to Docket No. 281 |

**NOTICE OF DEADLINE FOR FILING PROOFS OF CLAIM,
INCLUDING SECTION 503(b)(9) CLAIMS, AND PROOFS OF INTEREST**

**PLEASE TAKE NOTICE** that on June 9, 2022 (the "**Petition Date**"), Rider Hotel, LLC (the "**Debtor**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "**Bankruptcy Code**").

**PLEASE TAKE FURTHER NOTICE** that on January 19, 2023, the Debtor filed the *Motion of the Debtor for Entry of an Order (I) Establishing Deadlines for Filing Proofs of Claim, Including Section 503(b)(9) Claims, and (II) Approving the Form and Manner of Notice Thereof* (the "**Motion**").[2]

**PLEASE TAKE FURTHER NOTICE** that, on February 15, 2023, the United States Bankruptcy Court for the District of Delaware (the "**Court**"), having jurisdiction over the Debtor's chapter 11 case, entered an order (the "**Bar Date Order**") establishing:

**General Bar Date: March 31, 2023 at 5:00 p.m. (ET)** as the deadline for all persons or entities, to file proofs of claim based on claims against, or equity interests, in the Debtor that arose prior to the Petition Date, including claims for the value of goods sold to the Debtor in the ordinary course of business and received by the Debtor within twenty (20) days before the Petition Date (each, a "**Section 503(b)(9) Claim**") and interests related to equity interests.

**Government Bar Date**: **March 31, 2023 at 5:00 p.m. (ET)** as the deadline for all Governmental Units (as such term is defined in section 101(27) of the Bankruptcy Code) to file proofs of claim based on claims against the Debtor that arose prior to the Petition Date.

**Rejection Damages Bar Date:** Any persons or entities, other than Governmental Units (as such term is defined in section 101(27) of the Bankruptcy Code), that assert a claim that

---

[1] The last four digits of the Debtor's tax identification number are 2426. The Debtor's mailing address is W6609 Pine Hill Trail, P.O. Box 71, Cascade, WI 53011.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

arises from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection by the later of (i) the General Bar Date, or (ii) the date that is twenty-one (21) days following service of the order authorizing such rejection (unless the rejection order provides otherwise).

**YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER TO FILE A PROOF OF CLAIM OR A PROOF OF INTEREST**

**If you have any questions with respect to this notice, you may contact the Debtor's claims agent, Stretto, Inc. ("Stretto") at (855) 223-7243, or by email at Teamriderhotel@stretto.com. Please note that Stretto is not permitted to give you legal advice. Stretto cannot advise you how to file, or whether you should file, a Proof of Claim Form or a Proof of Interest Form.**

**-PROCEDURES FOR SUBMITTING PROOFS
OF CLAIM OR PROOFS OF INTERESTS-**

**1.    WHO MUST FILE A PROOF OF CLAIM OR PROOF OF EQUITY INTEREST**

You **MUST** file a Proof of Claim if you have a claim that arose prior to the Petition Date and it is not a claim described in Section 2 below. Acts or omissions of the Debtor that arose prior to the Petition Date may give rise to claims against the Debtor that must be filed by the applicable Bar Dates, notwithstanding that such claims may not have matured or become fixed or liquidated as of the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

You **MUST** file a Proof of Interest if you have an equity interest in the Debtor that arose prior to the Petition Date.

**2.    WHO NEED NOT FILE A PROOF OF CLAIM**

The following persons or entities are **NOT** required to file a proof of claim in accordance with the procedures set forth herein:

a) any person or entity that has already properly filed a proof of claim with Stretto or the Court in a form substantially similar to Official Form 410;

> **Creditors are encouraged to confirm that their claim is recorded as intended on the claims register by either reviewing**

https://cases.stretto.com/Rider/claims/ or by contacting the Rider Hotel, LLC, Claims Processing Center at (855) 223-7243.

b) any person or entity whose claim is listed on the Debtor's Schedule D or E/F, and (i) the claim is not described as "disputed," "contingent," or "unliquidated," and (ii) such person or entity agrees with the amount, nature, and priority of the claim set forth in the Schedules;

c) any person or entity whose claim has been allowed by order of the Court entered on or before the applicable Bar Date;

d) any person or entity whose claim has been satisfied in full by the Debtor or any other party prior to the applicable Bar Date;

e) any holder of a claim for which the Court has already fixed a specific deadline to file a proof of claim; and

f) any holder of a claim that this Court authorized the Debtor to honor in the ordinary course of business, and the Debtor actually paid such claim, such as a wage, commission or benefit claim.

**3. CLAIMS ARISING UNDER EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you are a party to an executory contract or unexpired lease with the Debtor and assert a claim for amounts accrued pursuant to such executory contract or unexpired lease and unpaid as of the Petition Date, you must file a proof of claim for such amounts on or before the applicable Bar Date, unless an exception in Section 2 otherwise applies.

If, in addition, you hold a claim that arises from the rejection of an executory contract or unexpired lease, you must file a proof of claim based on such rejection on or before the Rejection Damages Bar Date.

**4. WHEN AND WHERE TO FILE A PROOF OF CLAIM OR PROOF OF INTEREST**

All proofs of claim and proofs of interest must be filed **so as to be received** on or before the applicable Bar Date at the following address:

**Rider Hotel, LLC Claims Processing**
**c/o Stretto**
**410 Exchange, Suite 100**
**Irvine, CA 92602**

Proofs of claim and proofs of interest can also be submitted electronically through Stretto's website, at the following web address, https://cases.stretto.com/Rider/file-a-claim/.

3

Proofs of claim and proofs of interest will be deemed timely filed only if **actually received** by the Stretto Claims Processing Center on or before the applicable Bar Date. Proofs of claim and proofs of interest may not be delivered by facsimile, telecopy, or electronic mail transmission, with the exception of proofs of claim or proofs of interest submitted through the Stretto case website, as described above.

5. **HOW TO FILE A PROOF OF CLAIM OR PROOF OF INTEREST**

Proofs of Claim: Enclosed herewith is a copy of Official Form 410. Additional copies of Official Form 410 may be obtained at https://cases.stretto.com/Rider/file-a-claim/. The enclosed Proof of Claim Form may already contain information (based on the Debtor's records) including your name and address. If you believe the information is incorrect, you may cross out that information and write in the correct information prior to submitting the Proof of Claim Form.

Proofs of Interest: Enclosed herewith is a Proof of Interest Form. Such form should be used only if you believe you have an equity interest in the Debtor. To be clear, holders of equity interests who wish to assert a *claim* against the Debtor for amounts owed, including a claim relating to such equity interest or the purchase or sale of such interest, must file a proof of claim asserting such claim in accordance with the procedures set forth herein.

Proofs of Claim and Proofs of Interest must (i) be in writing and signed by the holder of the claim or interest or, if such holder is not an individual, by an authorized agent of the claim or interest holder; (ii) include supporting documentation or, if voluminous, a summary of supporting documents and an explanation as to why documentation is not available and identify where such supporting documentation may be obtained; (iii) be in English; (iv) be denominated in United States currency; and (v) conform substantially with Official Form 410.

Each proof of claim asserting a Section 503(b)(9) Claim must also: (i) include the value of the goods delivered to and received by the Debtor in the twenty (20) days prior to the Petition Date; (ii) attach documentation identifying the particular invoices corresponding to the asserted Section 503(b)(9) Claim; and (iii) attach documentation demonstrating that the goods were received by the Debtor within the 20 days preceding the Petition Date.

If you file a proof of claim or proof of interest and wish to receive a file-stamped receipt copy by return mail, you must include with your Proof of Claim Form or Proof of Interest Form an additional copy of your Proof of Claim or Proof of Interest Form and a self-addressed, postage-paid envelope.

6. **THE DEBTOR'S SCHEDULES AND ACCESS THERETO**

You may be listed in the Schedules as the holder of a claim against the Debtor.

Interested parties may examine copies of the Schedules, the Bar Date Order and other filings in the case free of charge at https://cases.stretto.com/Rider/file-a-claim/ or on the Court's electronic docket for a fee at http://ecf.deb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at http://pacer.psc.uscourts.gov).

Alternatively, you may request that a copy of the Schedules be mailed to you by contacting the Debtor's claims agent, Stretto, at (855) 223-7243, or by email at Teamriderhotel@stretto.com.

If you rely on the Debtor's Schedules, it is your responsibility to determine that your claim is accurately listed in the Schedules.

As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtor's Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, if you decide to file a proof of claim, you must do so before the applicable Bar Date, in accordance with the procedures set forth in this notice.

In the event the Debtor files an amendment (a "**Schedules Amendment**") to its Schedules and such Schedules Amendment (i) reduces the undisputed, noncontingent, and liquidated amount of a claim, (ii) reclassifies a scheduled, undisputed, liquidated, noncontingent claim as disputed, unliquidated, or contingent, or (iii) adds a new claim to the Schedules described as "disputed," "contingent" or "unliquidated," the deadline for each applicable claimant to file a proof of claim with respect to such amended or new claim shall be the later of (y) the Bar Dates or (z) 5:00 p.m. (ET) on the date that is twenty-one (21) days after service of a notice on such claimant of the Schedules Amendment (the "**Amended Schedules Bar Date**"); provided, however, that no such proof of claim need be filed if the claimant has already properly filed a proof of claim in a form substantially similar to Official Form 410.

### CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM OR PROOF OF INTEREST BY THE APPLICABLE BAR DATE

**Absent further order of the Court to the contrary, except with respect to the excluded claims described above,** any holder of a claim against or equity interest in the Debtor who receives notice of the applicable Bar Date (whether such notice was actually or constructively received) and is required, but fails, to file a proof of claim or proof of interest, as applicable, in accordance with the Bar Date Order on or before the applicable Bar Date shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

### RESERVATION OF RIGHTS

The Debtor reserves the right to dispute, or to assert offsets or defenses against, any claim or asserted equity interest, and nothing contained in the Bar Date Order or this notice shall preclude the Debtor from objecting to any filed claim or interest on any grounds.

**YOU SHOULD NOT FILE A PROOF OF CLAIM IF YOU DO NOT HAVE A CLAIM AGAINST THE DEBTOR.**

**YOU SHOULD NOT FILE A PROOF OF INTEREST IF YOU DO NOT HAVE AN EQUITY INTEREST IN THE DEBTOR.**

41171452.1 02/15/2023

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR INTEREST, OR THAT THE DEBTOR OR THE COURT BELIEVE THAT YOU HAVE A CLAIM OR INTEREST.**

Dated:  February 15, 2023	**SAUL EWING LLP**

By:	*/s/ Monique B. DiSabatino*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Barry A. Chatz (admitted *pro hac vice*)
Michael L. Gesas (admitted *pro hac vice*)
161 North Clark Street, Suite 4200
Chicago, IL 60601
Telephone: (312) 876-7100
barry.chatz@saul.com
michael.gesas@saul.com

-and-

**CARLSON DASH, LLC**
Kurt M. Carlson (admitted *pro hac vice*)
Martin J. Wasserman (admitted *pro hac vice*)
C. Douglas Moran (admitted *pro hac vice*)
10411 Corporate Drive, Suite 100
Pleasant Prairie, WI 53158
Telephone: 262-857-1600
kcarlson@carlsondash.com
mwasserman@carlsondash.com
cdmoran@carlsondash.com

*Counsel to the Debtor and Debtor in Possession*