## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RIDER HOTEL, LLC,[1] | ) Case No. 22-10522 (JTD) |
| | ) |
| Debtor. | ) **Objection Deadline: March 31, 2023 at 4:00 p.m. (ET)** |
| | ) **Hearing Date: April 25, 2023 at 1:00 p.m. (ET)** |

**COVER SHEET TO THE SECOND INTERIM FEE APPLICATION OF
SAUL EWING LLP, CO-COUNSEL TO THE DEBTOR, FOR ALLOWANCE
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
<u>FROM SEPTEMBER 1, 2022 THROUGH NOVEMBER 30, 2022</u>**

| Name of Applicant: | Saul Ewing LLP |
|---|---|
| Authorized to Provide Professional Services to: | Debtor and Debtor-in-Possession |
| Period for which compensation and reimbursement is sought | *Start:* September 1, 2022<br>*End:* November 30, 2022 |
| Total compensation sought this period | $50,919.00 |
| Total expenses sought this period | $0.00 |
| Petition date | June 9, 2022 |
| Date of retention | June 9, 2022 |
| Date of order approving employment | July 8, 2022 |
| Total compensation approved by interim order to date | $205,085.00 |
| Total expenses approved by interim order to date | $694.51 |
| Total allowed compensation paid to date | $274,641.40 |
| Total allowed expenses paid to date | $785.61 |
| Blended rate in this application for all attorneys | $655.60 |

---

[1] The last four digits of the Debtor's tax identification number are 2426. The Debtor's mailing address is W6609 Pine Hill Trail, P.O. Box 71, Cascade, WI 53011

41246567.2 03/10/2023

| | |
|---|---|
| Blended rate in this application for all timekeepers | $555.88 |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $40,735.20 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed | N/A |
| Number of professionals included in this application | 5 |
| Number of professionals billing fewer than 15 hours to the case during this period | 1 |
| Are rates higher than those approved or disclosed at retention? If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application | No |

This is an: ___ monthly    **X** interim    ___ final application.

Prior Applications:

| Date and Docket No. | Filing Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | Unapproved Fees/ Expenses | CNO Date and Docket No. |
|---|---|---|---|---|---|---|---|
| 07/20/2022 D.I. 112 | 06/09/2022 through 06/30/2022 | $131,202.50 | $0.00 | $131,202.50 | $0.00 | $0.00 | 08/22/2022 D.I. 125 |
| 08/22/2022 D.I. 128 | 07/01/2022 through 07/31/2022 | $59,620.00 | $613.20 | $59,620.00 | $613.20 | $0.00 | 09/13/2022 D.I. 143 |
| 09/20/2022 D.I. 150 | 08/01/2022 through 08/31/2022 | $14,262.50 | $81.31 | $14,262.50 | $81.31 | $0.00 | 10/13/2022 D.I. 168 |
| 10/20/2022 D.I. 174 | 09/01/2022 through 09/30/2022 | $10,487.50 | $0.00 | $8,390.00 | $0.00 | $2,097.50 | 11/14/2022 D.I. 192 |
| 11/21/2022 D.I. 199 | 10/01/2022 through 10/31/2022 | $20,655.50 | $0.00 | $16,524.40 | $0.00 | $4,131.10 | 12/12/2022 D.I. 216 |
| 12/23/2022 D.I. 232 | 11/01/2022 through 11/30/2022 | $19,776.00 | $0.00 | $15,820.80 | $0.00 | $3,955.20 | 01/17/2023 D.I. 256 |
| | **TOTAL** | **$256,004.00** | **$694.51** | **$245,820.20** | **$694.51** | **$10,183.80** | |

41246567.2 03/10/2023

3

# SUMMARY OF BILLING BY TIMEKEEPER
# FOR SECOND INTERIM FEE APPLICATION

### For the Period September 1, 2022 through November 30, 2022

| Name of Professional Person | Year of Bar Admission | Position with the applicant and number of years in that position | Practice Group | Hourly billing rate | Total billed hours | Total compensation |
|---|---|---|---|---|---|---|
| Barry A. Chatz | 1987 | Partner (2001) | Bankruptcy | $895 | 20.80 | $18,616.00 |
| Michael L. Gesas | 1985 | Partner (2008) | Bankruptcy | $825 | 15.20 | $12,540.00 |
| Monique B. DiSabatino | 2009 | Partner (2019) | Bankruptcy | $500 | 21.40 | $10,700.00 |
| Sabrina Espinal | 2022 | Associate (2022) | Bankruptcy | $285 | 11.40 | $3,249.00 |
| Robyn E. Warren | N/A | Paraprofessional | Bankruptcy | $255 | 22.80 | $5,814.00 |
| **TOTAL** | | | | | **91.60** | **$50,919.00** |

Attorney Compensation: $45,105.00

Total Attorney Hours: 68.80

Blended Hourly Rate for Attorneys: $655.60

Blended Hourly Rate for All Professionals: $555.88

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>RIDER HOTEL, LLC,[1]<br><br>               Debtor. | ) <br>) Chapter 11<br>)<br>) Case No. 22-10522 (JTD)<br>)<br>) **Objection Deadline: March 31, 2023 at 4:00 p.m. (ET)**<br>) **Hearing Date: April 25, 2023 at 1:00 p.m. (ET)** |

**SECOND INTERIM FEE APPLICATION OF SAUL EWING LLP, CO-COUNSEL
TO THE DEBTOR, FOR ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM SEPTEMBER 1, 2022
THROUGH NOVEMBER 30, 2022**

Saul Ewing LLP ("**Saul Ewing**" or "**Applicant**"), co-counsel to the debtor and debtor-in-possession in the above-captioned chapter 11 case (the "**Debtor**"), hereby submits its second interim fee application (the "**Second Interim Fee Application**") for allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred for the period September 1, 2022 through November 30, 2022 (the "**Application Period**").

## INTRODUCTION

1. On June 9, 2022 (the "**Petition Date**"), the Debtor filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this Chapter 11 Case.

2. On July 8, 2022, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 85] (the "**Interim**

---

[1]     The last four digits of the Debtor's tax identification number are 2426. The Debtor's mailing address is W6609 Pine Hill Trail, P.O. Box 71, Cascade, WI 53011

41246567.2 03/10/2023

**Compensation Order**"), which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in the Chapter 11 Case. Pursuant to the Interim Compensation Order, the Court established a procedure for interim compensation and reimbursement of disbursements for professionals appointed in this case. In particular, the Court authorized the filing and service to certain notice parties of monthly interim fee applications by professionals appointed in this case and payment by the Debtor of 80% of fees and 100% of expenses, in the absence of an objection made within twenty-one (21) days of service of the pertinent application.

## RETENTION OF SAUL EWING

3.  On July 8, 2022, this Court entered the *Order Authorizing the Employment and Retention of Saul Ewing Arnstein & Lehr LLP as Co-Counsel to the Debtor, Effective as of the Petition Date* [D.I. 87].

## PROFESSIONAL SERVICES RENDERED

4.  Pursuant to the Interim Compensation Order, Saul Ewing submits this Second Interim Fee Application, seeking interim approval and allowance of compensation in the amount of $50,919.00, incurred during the interim period from September 1, 2022 through November 30, 2022.

## ADDITIONAL DISCLOSURES AND REPRESENTATIONS

5.  Saul Ewing's hourly rates for bankruptcy services are comparable to the hourly rates charged in complex chapter 11 cases by comparably skilled bankruptcy attorneys. In addition, Saul Ewing's hourly rates for bankruptcy services are comparable to the rates charged by the firm, and by comparably skilled practitioners in other firms, for complex corporate and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.

Saul Ewing's blended hourly rates for attorneys and paraprofessionals for all sections of the firm, excluding the Bankruptcy and Restructuring section, for the prior calendar year were as set forth on the attached **Exhibit A**.

6. Saul Ewing's summary of compensation requested by project category for the Application Period is set forth on the attached **Exhibit B**.

7. Saul Ewing's summary of cover sheet of fee application is attached hereto as **Exhibit C**.

8. To the best of Saul Ewing's knowledge, this Second Interim Fee Application complies with sections 330 and 331 of the Bankruptcy Code, Del. Bankr. L.R. 2016-2, the Interim Compensation Order, and the UST's *Guidelines for Reviewing Applications for Compensation. and Reimbursement of Expenses Filed under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "**Revised UST Guidelines**").

9. During the Application Period, Saul Ewing did not agree to any variations from, or alternatives to, its standard or customary billing rates, fees or terms for services pertaining to this engagement.

10. None of the professionals included in this Second Interim Fee Application varied their hourly rate based on the geographical location of the bankruptcy case.

11. This Second Interim Fee Application does include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices.

12. This Second Interim Fee Application does not include time or fees for reviewing time records to redact any privileged or other confidential information.

13. In accordance with Section 504 of the Bankruptcy Code and Fed. R. Bankr. P. 2016(a), no agreement or understanding exists between Saul Ewing and any other person for the

sharing of compensation received or to be received for services rendered in or in connection with this case.

14. No agreement or understanding prohibited by 18 U.S.C. § 155 has been or will be made by Saul Ewing.

15. Notice of this Second Interim Fee Application has been provided in accordance with the Interim Compensation Order. Saul Ewing submits that no other or further notice need be provided.

16. Saul Ewing reserves all rights and claims. Without limiting the generality of the foregoing, Saul Ewing reserves its right to submit future monthly fee applications, interim fee applications, and final fee applications, including, without limitation, fee applications seeking final allowance of all amounts sought to be paid or reimbursed herein and in respect of any amounts held back pursuant to the Interim Compensation Order or otherwise.

[remainder of page left intentionally blank]

**WHEREFORE**, Saul Ewing respectfully requests that the Court enter an Order (i) granting the Second Interim Fee Application and authorizing interim allowance of compensation in the amount of $50,919.00 for professional services rendered on behalf of the Debtor; (ii) directing payment by the Debtor of the foregoing amounts; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: March 10, 2023

**SAUL EWING LLP**

By:     */s/ Monique B. DiSabatino*
Mark Minuti (DE Bar No. 2659)
Monique B. DiSabatino (DE Bar No. 6027)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
Telephone: (302) 421-6800
mark.minuti@saul.com
monique.disabatino@saul.com

-and-

Barry A. Chatz
Michael L. Gesas
161 North Clark Street, Suite 4200
Chicago, IL 60601
Telephone: (312) 876-7100
barry.chatz@saul.com
michael.gesas@saul.com

*Co-Counsel for Debtor and Debtor in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RIDER HOTEL, LLC,[1] | ) Case No. 22-10522 (JTD) |
| | ) |
| Debtor. | ) |

**CERTIFICATION OF MONIQUE B. DISABATINO**

I, Monique B. DiSabatino, declare under the penalties of perjury that:

1. I am a Partner in the firm of Saul Ewing LLP ("**Saul Ewing**"), which serves as co-counsel to the debtor and debtor-in-possession (the "**Debtor**").

2. I am familiar with the work performed by Saul Ewing on behalf of the Debtor.

3. I have read the foregoing Second Interim Fee Application of Saul Ewing and the facts set forth therein are true and correct, to the best of my knowledge, information and belief.

4. I hereby certify that the Second Interim Fee Application complies with the Interim Compensation Order and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and Del. Bankr. L.R. 2016-2. I hereby certify that, in accordance with the Interim Compensation Order and in connection with the Second Interim Fee Application, Saul Ewing made a reasonable effort to comply with the Revised UST Guidelines.

5. Pursuant to the Appendix B in the Revised UST Guidelines, Saul Ewing responds to the following questions regarding the Second Interim Fee Application:

---

[1] The last four digits of the Debtor's tax identification number are 2426. The Debtor's mailing address is W6609 Pine Hill Trail, P.O. Box 71, Cascade, WI 53011

| Question | Response | Explanation |
|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain. | No | |
| If the fees sought in this fee application as compared to the fees budgeted for this time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? | N/A | |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | No | |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | No | |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? | No | |
| If the fee application includes any rate increases since retention: i. Did your client review and approve those rate increases in advance? ii. Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA formal Ethics Opinion 11-458? | No | |

                                               */s/ Monique B. DiSabatino*
                                               MONIQUE B. DISABATINO

Dated:  March 10, 2023