IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| RIDER HOTEL, LLC,[1] | Case No. 22-10522 (JTD) |
| Debtor. | Re: Docket Nos. 663 and 666 |

**INTERIM ORDER (I) APPROVING FORBEARANCE AGREEMENT,
(II) APPROVING THE DISMISSAL OF THE CHAPTER 11 CASE, (III)
ESTABLISHING PROCEDURES FOR THE ALLOWANCE AND PAYMENT
OF PROFESSIONAL FEES, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Debtor for entry of an order, pursuant to sections 105(a), 305(a), 349, 363(b) and 1112(b) of title 11 of the Bankruptcy Code, Bankruptcy Rules 1017 and 2002, and Local Rule 1017-2, approving the Forbearance Agreement, dismissing the chapter 11 case and granting related relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and upon the Dixon Declaration and the Berman Declaration; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before the Court; and after due deliberation thereon; and good and sufficient cause appearing therefor,

---

[1] The last four digits of the Debtor's tax identification number are 2426. The Debtor's mailing address is W6609 Pine Hill trail, P.O. Box 71, Cascade, WI 53011.

[2] Capitalized terms used but not defined herein are defined in the Motion.

51653048.8 07/03/2024

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits and denied with prejudice.

3. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtor is authorized, but not directed, to enter into the Forbearance Agreement, which agreement is hereby approved in its entirety.

4. The Debtor's unsecured creditors (i) shall retain their claims against the Debtor, which claims shall be satisfied in the ordinary course outside of bankruptcy, (ii) shall not be subject to any claims resolution process in the Bankruptcy Court in connection with their claims, and (iii) shall retain all their rights under applicable non-bankruptcy law to pursue their claims against the Debtor in any forum with jurisdiction over the parties. The Debtor shall retain all defenses, counterclaims, rights to setoff, and rights to recoupment as to all unsecured claims. If the Debtor disputes any unsecured claim, such dispute shall be determined, resolved, or adjudicated in the manner as if the chapter 11 case had not been commenced.

5. All Professionals retained in the chapter 11 case shall file Final Fee Applications for the Final Fee Period (defined below) no later than July 23, 2024 (the "**Fee Application Deadline**"). The Final Fee Applications shall cover all fees and expenses incurred from the Petition Date through the date of entry of the Dismissal Order (the "**Final Fee Period**"), including an estimate of fees and expenses to be incurred for the period from the Fee Application Deadline through the end of the Final Fee Period. The Final Fee Applications shall be in accordance with

the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Interim Compensation Order.

6. Any objections to the Final Fee Applications shall be filed and served on counsel for the Debtor and the Professional submitting the application to which an objection is being filed on or before the date that is fourteen (14) days following service of the relevant Final Fee Application, at 4:00 p.m. (prevailing Eastern Time).

7. The Court will hold a hearing on the Final Fee Applications, if necessary, on August 15, 2024, at 11:00 a.m. (prevailing Eastern Time).

8. All fees and expenses incurred by the Professionals after the Final Fee Period shall be paid in the ordinary course by the Debtor.

9. The Debtor shall file a certification of counsel (the "**Certification**") requesting entry of the Dismissal Order, which Certification shall verify that (i) the Debtor has paid in full all quarterly fees of the U.S. Trustee, (ii) the Debtor has filed all monthly operating reports, including the report for the month in which the case is to be closed, and (iii) each of the Professional's fees have been approved on a final basis and paid. The Certification shall also indicate that it was previously provided to the U.S. Trustee, and shall state whether the U.S. Trustee consents to entry of the Dismissal Order.

10. The Certification shall be served only on the U.S. Trustee, the Debtor's top 20 largest unsecured creditors, and all entities that have requested notice pursuant to Bankruptcy Rule 2002, and no further notice regarding the dismissal of this chapter 11 case shall be required.

11. Notwithstanding any provision in this Order to the contrary, the obligation to file monthly operating reports and to pay Quarterly Fees to the U.S. Trustee shall continue until the Debtor's case is dismissed pursuant to the provisions of this Order.

12. Notwithstanding any Bankruptcy Rules to the contrary, this Order shall be effective and enforceable immediately upon entry.

13. The Debtor is authorized to take any and all actions necessary to effectuate the relief granted pursuant to this Order.

14. This Court shall retain jurisdiction with respect to all matters arising from and related to the implementation, interpretation, or enforcement of this Order.

**Dated: July 9th, 2024**
**Wilmington, Delaware**

**JOHN T. DORSEY**
**UNITED STATES BANKRUPTCY JUDGE**